LORING L. FULLER & others *vs.* INHABITANTS OF MELROSE.

A delay of ten months by inhabitants and tax payers of a town before bringing their bill to restrain the payment of money for expenses already incurred in draining a pond, under a vote of the town, is such *laches* as will forfeit their right to equitable relief.

HOAR, J. This is a petition under the *St.* of 1847, *c.* 37, brought by ten inhabitants and tax payers of the town of Melrose, to restrain the town and its officers from making what is alleged to be an illegal appropriation of the money of the town to the purpose of draining a certain pond. The petition was presented on the 8th of January 1858.

The vote of the town to do the work, and to raise and appropriate the sum of $1500 to pay for it, was passed on the 2d of March 1857 ; and it is alleged in the answer, and the fact is conceded by the petitioners, that substantially the whole work had been done, and an expense to the whole extent of the appropriation had been incurred, upon the credit of the town, before the petition was presented.

We think these facts are decisive against the claim of the petitioners for equitable relief, and that the case is clearly within the doctrine stated in *Tash* v. *Adams,* 10 Cush. 252. It was said by the court in that case, that " it is a well established rule in equity that if a party is guilty of *laches* or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to

cable to cases where a party, being cognizant of his rights, does not take those steps to enforce them which are open to him, but lies by, and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character."

In *Claflin* v. *Hopkinton,* 4 Gray, 502, the contract had been made by the town, and had in part been executed, before the bill was filed. But, on looking into the facts, it appears that the vote there complained of was passed on the 26th of June, and the bill was filed and a temporary injunction obtained on the 13th of July following. There was no objection that the plaintiff had not used due diligence, and the bill was sustained. But here there was a delay of ten months, without reason or excuse, so far as appears, or has been suggested.

*Petition dismissed.*

*P. Willard,* for the petitioner.

*T. H. Sweetser & A. V. Lynde,* for the respondents.